

# United States Department of Justice

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

May 1, 2014



TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

J. Timothy DiPiero
DiTrapano Barrett & DiPiero
604 Virginia Street, East
Charleston, WV 25301-2184

Re: United States v. Gary L. Roeher

Dear Mr. DiPiero:

This will confirm our conversations with regard to your client, Gary L. Roeher. As a result of these conversations, it is agreed by and between the United States and Mr. Roeher as follows:

1. **CHARGING AGREEMENT.** Mr. Roeher agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Roeher will plead guilty to a violation of 26 U.S.C. § 7206(1) (False Statement on a Tax Return) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Roeher will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of ~~five~~ three years; *[initialed]* GR

   (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

   *GR*
   ---
   Defendant's
   Initials

(c)  A term of supervised release of ~~three years~~ one year [JD/GR];

(d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e)  An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, as may otherwise be set forth in this plea agreement.

(f)  Costs of prosecution.

4.  **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Roeher will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Roeher will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Roeher fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Roeher.

5.  **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Roeher agrees that he owes restitution in the amount of $22,098.89 to the Internal Revenue Service and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Roeher further agrees as follows:

(a)  Mr. Roeher agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b)  Mr. Roeher will fully complete and execute, under oath, a Financial Statement and a Release of Financial

_GR_
Defendant's Initials

        Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Roeher agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Roeher agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Roeher agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Mr. Roeher to pay a greater or lesser sum of restitution in accordance with law.

    6. **IRS COLLECTION OF RESTITUTION.** If the Court orders Mr. Roeher to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Mr. Roeher does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Mr. Roeher's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution based assessment, including levy and distraint under 26 U.S.C. 6331.

    7. **FORFEITURE.** Notwithstanding the offense of conviction, the parties agree as follows:

                                                                  *GR*
                                                              Defendant's Initials

(a) The United States has determined that it could institute a criminal and/or civil forfeiture proceeding against Mr. Roeher pursuant to Title 18, United States Code, Sections 1956 and 1957 arising out of his involvement in a false billing scheme related to products purportedly provided by Mr. Roeher's company, CM Supply Co., at the Mountain Laurel mining complex owned and operated by a subsidiary of Arch Coal, Inc. (the "Crib Block False Billing Scheme").

(b) Mr. Roeher recognizes that the United States could institute a civil and/or criminal forfeiture for his role in the Mountain Laurel false billing scheme.

(c) Mr. Roeher consents to, and otherwise agrees not to contest, an administrative forfeiture of $35,170.60 instituted by the Internal Revenue Service Criminal Investigative Division pursuant to Title 18, United States Code, Sections 981 and 982.

(d) Within ten (10) days of the filing of the information, Mr. Roeher agrees to pay the $35,170.60 in forfeitable funds to the address below and releases any and all claims he or his company may have to such funds:

   Department of Treasury – Internal Revenue Service
   IRS-CI
   Attn: AFS Torey White
   400 N. 8th Street
   Room #1024
   Richmond, VA 23219

(e) Mr. Roeher acknowledges that his failure to pay said funds as described above constitutes a breach of the plea agreement.

(f) Mr. Roeher shall indemnify the United States or otherwise make whole the value of said funds to which any other person may assert, or has asserted, a claim to lawful ownership or interest.

*GR*
———————————
Defendant's
Initials

    (g)    Mr. Roeher shall waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in Alexander v. United States, 509 U.S. 544 (1993); United States v. Bajakajian, 524 U.S. 321 (1998); Austin v. United States, 509 U.S. 602 (1993) and their progeny.

8. **PAYMENT OF MONETARY PENALTIES.** Mr. Roeher agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Roeher further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

9. **COOPERATION.** Mr. Roeher will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Roeher may have counsel present except when appearing before a grand jury. Further, Mr. Roeher agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

10. **ASSISTANCE TO INTERNAL REVENUE SERVICE.** Mr. Roeher agrees to cooperate with the Internal Revenue Service in the determination of his/her civil income tax liability for the taxable years 2010 through 2012 and to make available to the examining agents all books, records and other documentary evidence in his/her possession, custody or control, including all materials provided to the defense, through discovery or otherwise, during this proceeding by the attorneys for the government and any criminal investigators assisting them.

                                                      *GR*
                                            Defendant's
                                            Initials

11. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Roeher, and except as expressly provided for in paragraph 13 below, nothing contained in any statement or testimony provided by Mr. Roeher pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Roeher, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

12. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Roeher for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Roeher for perjury or false statement if such a situation should occur pursuant to this agreement.

13. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Roeher stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Roeher agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Roeher, and Mr. Roeher is subsequently tried on any of the charges in the information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Roeher or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Roeher or on his behalf. Mr. Roeher knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

_GR_
Defendant's Initials

The United States and Mr. Roeher understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

14. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Roeher agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG § 2T1.1

Tax Loss $12,500 > $30,000                              12

The United States and Mr. Roeher acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

15. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Roeher knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Roeher also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

*GR*
_____
Defendant's
Initials

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

16. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Roeher knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

17. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Roeher;

(f) Advise the Court concerning the nature and extent of Mr. Roeher's cooperation; and

(g) Address the Court regarding the issue of Mr. Roeher's acceptance of responsibility.

18. **VOIDING OF AGREEMENT.** If either the United States or Mr. Roeher violates the terms of this agreement, the other party will

_GR_
Defendant's
Initials

J. Timothy DiPiero
May 1, 2014                              Re: Gary L. Roeher
Page 9

have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    19. **TAX DIVISION APPROVAL.** It is understood that this agreement is conditioned upon approval by the Department of Justice, Criminal Tax Division. In the event such approval is not granted, this agreement shall be void.

    20. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Roeher in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Roeher in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                            R. BOOTH GOODWIN II
                            United States Attorney

              By:    _____
                     MEREDITH GEORGE THOMAS
                     Assistant United States Attorney

              By:    _____
                     THOMAS C. RYAN
                     Assistant United States Attorney

TCR/smw

                                              _____
                                              GR
                                              Defendant's
                                              Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        _____5-2-14_____
Gary L. Roeher                          Date Signed
Defendant


_____        _____5/2/14_____
J. Timothy DiPiero                      Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. _____
                                      26 U.S.C. § 7206(1)

**GARY L. ROEHER**


# I N F O R M A T I O N

The United States Attorney Charges:

**COUNT ONE**
**(Filing A False Tax Return)**

On or about October 13, 2013, within the Southern District of West Virginia, defendant GARY L. ROEHER, a resident of Logan County, West Virginia, did willfully make and subscribe an Internal Revenue Service Form 1040, a personal income tax return, which was verified by a written declaration that it was made under the penalties of perjury and which defendant GARY L. ROEHER did not believe to be true and correct as to every material matter. That personal income tax return, which included a Schedule C for a mining part supply business owned and operated by defendant GARY L. ROEHER called CM Supply Co., was prepared and signed in the Southern District of West Virginia,

PLEA AGREEMENT EXHIBIT "A"

and was filed with the Internal Revenue Service. Defendant GARY L. ROEHER, fraudulently deducted approximately $43,000, more or less, as a business expense for CM Supply, when, in truth and in fact as he then well knew, said funds were paid to install an in-ground swimming pool at his residence.

In violation of Title 26, United States Code, Section 7206(1).

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
MEREDITH GEORGE THOMAS
Assistant United States Attorney


By: _____
THOMAS C. RYAN
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL NO. _____

GARY L. ROEHER

## STIPULATION OF FACTS

The United States and Gary L. Roeher stipulate and agree that the facts comprising the offense of conviction in the Information in the Southern District of West Virginia, and the relevant conduct for that offense, include the following:

Since approximately 2008 or 2009, Mr. Roeher has owned and operated a mining parts supply business known as CM Supply Co. His company served as a broker for coal companies and coal mining related businesses by obtaining a variety of electrical and other related parts used in the mining industry from various manufacturers.

In the summer of 2012, Mr. Roeher installed an in-ground swimming pool at his residence in Holden, Logan County, West Virginia. Mr. Roeher paid a person known to the parties by a series of checks, totaling $43,754, from an account held in the name of CM Supply. Mr. Roeher wrote "crib blocks," an item used in the mining industry, on the memo line indicating that the checks were used to purchase goods for resale in the course of CM Supply's business. Mr. Roeher included the reference on the memo line so his accountant would deduct the personal expense as a business expense.

In October 2013, Mr. Roeher filed his personal income tax return, including a Schedule C for CM Supply, knowing that the return was materially false in that the Schedule C included $43,000 in deductions for the pool he installed in his home.

_GR_<br>
Defendant's<br>
Initials

As relevant conduct, Mr. Roeher also admits that his 2010 and 2011 personal income tax returns are materially false. During each of those years, Mr. Roeher was approached by an employee ("Known Person One,") of Arch Coal at its Mount Laurel Mining Complex in Logan County, West Virginia to provide a false and fictitious invoice to Arch Coal to generate funds to provide a kickback to Known Person One. Mr. Roeher agreed to do so and Known Person One provided Mr. Roeher with signed delivery tickets containing delivery ticket numbers which were used to obtain false and fictitious purchase orders and corresponding payments to Roeher's company. In exchange for Known Person One's false acknowledgement of delivery of goods from CM Supply, Mr. Roeher wrote Known Person One a check giving Known Person One a percentage of the fraud proceeds (the "Crib Block False Billing Scheme").

To conceal the Crib Block False Billing Scheme, Mr. Roeher made an entry on the memo line of the checks to Known Person One so that that the funds would appear to be legitimate business expenses to Mr. Roeher's accountant when preparing his personal income tax returns. Between 2010 and 2011, Mr. Roeher paid Known Person One $35,170.60.

As a result of the conduct set forth above, Mr. Roeher acknowledges that he owes $22,098.89 in additional personal income taxes.

The United States and Mr. Roeher acknowledge that the conduct outlined above represents the tax loss associated with the offense of conviction and relevant conduct known to the United States as of March 30, 2014, the date Mr. Roeher expressed a desire to cooperate.

*[signed]*
Defendant's Initials

**PLEA AGREEMENT EXHIBIT "B"**

2

This Stipulation of Facts does not contain each and every fact known to Mr. Roeher and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

| | |
|---|---|
| _/s/ Gary L. Roeher_ | 5-2-14 |
| GARY L. ROEHER<br>Defendant | Date |
| _/s/ J. Timothy DiPiero_ | 5-2-14 |
| J. TIMOTHY DIPIERO<br>Counsel for Defendant | Date |
| _/s/ Meredith George Thomas_ | 5-5-2014 |
| MEREDITH GEORGE THOMAS<br>Assistant United States Attorney | Date |
| _/s/ Thomas C. Ryan_ | 5-4-14 |
| THOMAS C. RYAN<br>Assistant United States Attorney | Date |

_G.R._
Defendant's Initials

**PLEA AGREEMENT EXHIBIT "B"**

3