IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:14-00109

**GARY L. ROEHER**

### SENTENCING MEMORANDUM

Comes now the United States of America, by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and files this Sentencing Memorandum, including facts in support of the Motion for Substantial Assistance filed on October 6, 2014.

**I.  Defendant's Role in the Offense**

Defendant Roeher was prosecuted as part of an investigation focused on corporate fraud, kickbacks and bribery at Mountain Laurel Mining Complex ("Mountain Laurel"), owned by a subsidiary of Arch Coal, Inc.[1]  Mr. Roeher was the first information filed in a series of prosecutions, and is being sentenced for a false statement on a tax return.  For his 2012 taxes, Mr. Roeher deducted the costs of a pool installed at his home, which cost approximately $43,000, as a business expense for his company, CM Supply.  Mr. Roeher noted on the checks paying for the pool that the funds were for "crib blocks,"

---

[1] Related cases include the prosecutions of Stephen Herndon, Scott Ellis, Alvis Porter, James Evans, III, Ronald Barnette, David Herndon, Chadwick Lusk, David Runyon and Gary Griffith.

so his accountant would deduct the personal expense as a business expense.

As relevant conduct, Mr. Roeher admitted in his stipulation of facts that he was also involved in the Crib Block False Billing Scheme at Mountain Laurel. During 2010 and 2011, an employee at Mountain Laurel approached Mr. Roeher, who owed CM Supply, a mining supply business, and asked him to provide false invoices to Arch Coal for crib blocks, which are used to support the roof structure in underground mines. In exchange for the employee falsely acknowledging the delivery of goods, Mr. Roeher paid the employee a percentage of the fraud proceeds by checks to the employee. Mr. Roeher also made an entry on the memo line of the checks paying the employee so that his accountant would consider these kickbacks business expenses and deduct them. During the two-year period, Roeher paid the employee $35,170.60.

Together, these schemes resulted in Roeher owing $22,089.98 in personal income taxes.

**II.  Substantial Assistance**

When Mr. Roeher was initially visited by law enforcement officers in March, 2014, he had already retained counsel. The day after the visit from law enforcement, Mr. Roeher, his attorney Tim DiPiero, and members of the prosecution team met at Mr. DiPiero's office. Without delay, Mr. Roeher understood the depth and scope of

the investigation at Mountain Laurel and decided to cooperate. He was, essentially, the first one in the door cooperating relating to the charged fraud schemes at Mountain Laurel.

Mr. Roeher provided crucial information regarding illegal activity at Mountain Laurel arising out of the performance of the Mountain Laurel Purchasing Manager, Chadwick Lusk. Particularly, Mr. Roeher provided specific information regarding Lusk's role in a separate kickback scheme for crib blocks, the "Crib Block Kickback Scheme."[2] Essentially, this scheme required Mr. Roeher to pay Lusk a portion of the sales prices of the crib blocks in exchange for Lusk choosing Mr. Roeher's company, CM Supply, to supply the crib blocks to Mountain Laurel. The information Mr. Roeher provided the investigation included the nature and amount of kickbacks paid to Lusk, which equaled approximately 7.5 percent of the crib block sales price. Mr. Roeher met with investigators at length to determine a figure that accurately captured the amount of kickbacks he paid Lusk out of his crib block profits.[3]

This information provided leverage to induce a guilty plea from Lusk. Not only did Mr. Roeher's guilty plea avoid the cost of trial, but he also saved the United States the cost of another trial to

---

[2] This scheme was separate from other kickback schemes regarding David Runyon, the General Manager at Mountain Laurel.

[3] While Lusk disagrees with the amount Mr. Roeher computed, which was based upon CM Supply's sales at Mountain Laurel, Lusk does not dispute the scheme and has indicated that he does not object to the amount.

prosecute Lusk for his role in the Crib Block Kickback Scheme at Mountain Laurel.

Mr. Roeher's cooperation continued beyond kickback schemes at Mountain Laurel. He has repeatedly met with investigators. Mr. Roeher has also provided information regarding James Evans III relating to funds being transferred between Evans and Mr. Roeher. While Evans pled guilty on other matters related to Mountain Laurel, Mr. Roeher's information was valuable during the plea negotiation stage. This cooperation by Mr. Roeher was also instrumental in saving the United States the expense of another trial in a prosecution of Evans.

In sum, Mr. Roeher's substantial assistance was thorough, swift, and comprehensive. His quick decision to cooperate brought successful resolution to three white-collar criminal investigations that would have taken a large amount of time, records and witnesses to substantiate. In light of the foregoing, the United States recommends a three-level decrease resulting in an advisory adjusted offense level of seven.

### III. 3553(a) Argument

The nature and circumstances of Mr. Roeher's tax evasion warrant a sentence within the advisory guideline range of adjusted offense level seven. General deterrence is a primary consideration in tax cases. USSG § 2T1.1 (Introductory Commentary). As the Sentencing

Commission explains, "Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines."  Id.  Defendant's conduct extends over a number of years, and involves fraud and misrepresentations reaching outside the scope of the tax charge at issue.

        Respectfully submitted,

        R. BOOTH GOODWIN II
        United States Attorney

By:
        /s/Meredith George Thomas
        MEREDITH GEORGE THOMAS
        Assistant United States Attorney
        WV Bar No.10596
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax:  304-347-5104
        Email: meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 6th day of October, 2014, to:

>J. Timothy DiPiero
>DiTrapano Barrett & DiPiero
>604 Virginia Street, East
>Charleston, West Virginia 5301-2184

>/s/Meredith George Thomas
>MEREDITH GEORGE THOMAS
>Assistant United States Attorney
>WV Bar No.10596
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email:meredith.thomas@usdoj.gov